**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3804
_____

UNITED STATES OF AMERICA

v.

WILLIAM M. TYSON,
                    Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cr-00316-001)
District Judge: Honorable Christopher C. Conner
_____

Argued: September 11, 2019
_____

Before: CHAGARES, JORDAN, and RESTREPO,
*Circuit Judges*.

(Filed:  January 14, 2020)
_____

John A. Abom [Argued]
Abom & Kutulakis, LLC
2 West High Street
Carlisle, PA 17013

     *Counsel for Appellant*

David J. Freed
William A. Behe
United States Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, PA 17101

Francis P. Sempa [Argued]
United States Attorney's Office
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

     *Counsel for Appellee*

————————

OPINION OF THE COURT

————————

RESTREPO, *Circuit Judge*.

William Tyson was indicted for the transportation of a minor to engage in prostitution and the production of child pornography in violation of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2251(a), respectively. During pre-trial proceedings, the District Court granted the Government's motion in limine to exclude mistake-of-age evidence. Tyson and the Government

then submitted a conditional plea agreement preserving his right to appeal the District Court's order. The District Court sentenced Tyson to concurrent terms of 180 months' imprisonment for each count.

Tyson appeals the District Court's grant of the Government's motion in limine precluding him from introducing mistake-of-age evidence at trial. He argues that the District Court erred in precluding the evidence because knowledge of age is an element of § 2423(a) and § 2251(a). He also urges us to read an affirmative defense on lack of knowledge into each statute. We disagree. The statutes' text, context, and history make it clear that knowledge of age is not an element and mistake of age is not a defense. Therefore, we will affirm the District Court's order.

**I.**

In August 2017, Tyson contacted a seventeen-year-old female on Facebook to engage her in prostitution. After communicating for several days via Facebook and text messages, Tyson traveled from Pennsylvania to New York City. Tyson picked up the victim and her friend and brought them to Harrisburg, Pennsylvania. He then rented several rooms at a Motel 6 in New Cumberland, Pennsylvania between August 15 and August 20, 2017. Phone records reveal that Harrisburg-area individuals contacted the victim to engage in commercial sexual activity.

On August 22, 2017, after a relative of Tyson brought the victim to a Quality Inn in New Cumberland, FBI agents and local law enforcement recovered her during a sting operation. Investigators interviewed her and reviewed her phone. They

3

found an August 20, 2017 video of the victim performing oral sex on an adult male in a Motel 6 room. The victim identified the man in the video as "Real," whom the investigators identified as Tyson.

On October 18, 2017, Tyson was indicted for knowingly transporting a minor to engage in prostitution in violation of § 2423(a) and producing child pornography in violation of § 2251(a). Before trial, the Government filed a motion in limine to prohibit Tyson "from eliciting evidence to establish 'mistake of age'" and from asserting "mistake of age" as an affirmative defense. App. 21. The District Court granted the motion on July 11, 2018. The Court found that evidence of mistake of age is irrelevant to § 2423(a) and § 2251(a) because the statutes do not require proof of defendants' knowledge that the victim was a minor. As a result, the Court excluded the evidence because "its probative value is substantially outweighed by a risk that the evidence will result in unfair prejudice, confuse the issues, or mislead the jury" under Federal Rule of Evidence 403. *See* App. 10.

Tyson and the Government subsequently entered a plea agreement. According to its terms, Tyson and the Government agreed to recommend to the District Court that the sentences be served concurrently for a total of 180 months' imprisonment. The agreement also preserved Tyson's right to appeal the District Court's July 11, 2018 order granting the Government's motion in limine. On December 19, 2018, the District Court sentenced Tyson to 180 months' imprisonment for each count, to be served concurrently. Tyson filed a Notice of Appeal with this Court on December 24, 2018 challenging the District Court's order.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §3742(a).

This Court reviews decisions on the admissibility of evidence for abuse of discretion. *United States v. Higdon*, 638 F.3d 233, 238 (3d Cir. 2011). District court conclusions on whether "the risk of unfair prejudice does not substantially outweigh the probative value of otherwise admissible evidence" are reviewed under the same standard. *Id.* We exercise plenary review over legal questions and district court rulings based on interpretations of the Federal Rules of Evidence. *See United States v. Schiff*, 602 F.3d 152, 160–61 (3d Cir. 2010); *United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000). Statutory construction determinations are reviewed de novo. *United States v. Cochran*, 17 F.3d 56, 57 (3d Cir. 1994) (en banc).

## III.

Tyson posits that the District Court erred in prohibiting evidence related to mistake of age because § 2423(a) and § 2251(a) require knowledge that the victim was a minor to find a defendant guilty. He characterizes knowledge of age as an element of each statute. Tyson points to title 18, section 5902 of the Pennsylvania Statutes and Consolidated Statutes to suggest that Pennsylvania law provides a mistake-of-age defense to a prosecution based on § 2423(a). Tyson also turns to a Ninth Circuit decision interpreting § 2251(a) to require a mistake-of-age defense to correct the statute's supposed constitutional deficiencies. We disagree and join the

5

overwhelming majority of our sister circuits holding that mistake of age is not a defense and knowledge of the victim's age is not required for a conviction under either § 2423(a) or § 2251(a). Thus, the District Court did not err in prohibiting Tyson from asserting a mistake-of-age defense under Federal Rule of Evidence 403.[1]

## A.

The grand jury indicted Tyson for "knowingly transport[ing] [the victim], an[] individual who had not attained the age of 18 years, in interstate commerce, with the intent that [the victim] engage in prostitution" in violation of § 2423(a). App. 15. The statute provides:

> A person who *knowingly transports an individual who has not attained the age of 18 years* in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, *with the intent that the individual engage in prostitution*, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

§ 2423(a) (emphasis added). The District Court agreed with the Government's position that Tyson need not have known the

---

[1] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

victim's age in order to have knowingly transported a minor. Tyson argues that the Government must prove the defendant's knowledge of the victim's age under § 2423(a). He points to the presumption that the mens rea requirement generally extends to each element of a criminal statute.

In *Flores-Figueroa v. United States*, the Supreme Court explained that "courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element." 556 U.S. 646, 652 (2009).[2] Even though the mens rea typically applies to all the elements, the majority recognized the existence of special contexts where courts may deviate from that general presumption. *See id.*

Concurring, Justice Alito elaborated on examples of special contexts that rebut the general presumption. He specifically mentioned § 2423(a) as an example of a statute that calls for a contextual approach to statutory interpretation and added that circuit courts "uniformly [hold] that a defendant need not know the victim's age to be guilty under [§2423(a)]." *Id.* at 660 (Alito, J., concurring). The *Flores-Figueroa* majority referenced Justice Alito's concurrence with apparent approval. *Id.* at 652 (noting that sentences where "knowingly" only

---

[2] At issue in *Flores-Figueroa* was whether the term "knowingly" applies to all the elements in 18 U.S.C. § 1028A(a)(1). The statute imposes a two-year sentence on individuals who "knowingly transfer[], possess[], or use[], without lawful authority, a means of identification of another person" during the commission of statutorily-defined felonies. § 1028A(a)(1).

7

modifies a "transitive verb . . . typically involve special contexts . . . [a]s Justice ALITO notes, the inquiry into a sentence's meaning is a contextual one"). Tyson does not provide a compelling reason for us to disregard Justice Alito's concurrence and the majority's recognition that the general presumption does not apply in all contexts.

An overwhelming number of our sister circuits that have considered § 2423(a)—both prior to and after *Flores-Figueroa*—have concluded that "knowingly" does not extend to the victim's age.[3] Interpreting a predecessor of § 2423(a), this Court held that "[t]he statute does not state or require knowledge of the victim's age." *United States v. Hamilton*, 456 F.2d 171, 173 (3d Cir. 1972) (per curiam). While Tyson is correct that *Hamilton* is not controlling authority as to the current statutory provision, in light of *Flores-Figueroa*, we are unconvinced that we should alter our approach.

Arguing that the background presumption articulated in *Flores-Figueroa* applies to § 2423(a), Tyson ignores Congress's clear intent that knowledge of age not be required for a conviction pursuant to the statute. Our role in interpreting statutes is to "give effect to Congress's intent." *Idahoan Fresh*

---

[3] *See, e.g., United States v. Lacy*, 904 F.3d 889 (10th Cir. 2018); *United States v. Washington*, 743 F.3d 938 (4th Cir. 2014); *United States v. Tavares*, 705 F.3d 4 (1st Cir. 2013); *United States v. Daniels*, 653 F.3d 399 (6th Cir. 2011); *United States v. Cox*, 577 F.3d 833 (7th Cir. 2009); *United States v. Griffith*, 284 F.3d 338 (2nd Cir. 2002); *United States v. Taylor*, 239 F.3d 994 (9th Cir. 2001); *see also United States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012) (per curiam) (discussing § 2423(a) while interpreting 18 U.S.C. § 2422(b)).

*v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998). "We . . . look to statutory context for evidence of congressional intent." *United States v. Merlino*, 785 F.3d 79, 92 (3d Cir. 2015). In considering statutory context, courts interpret statutes in accordance with their overall scheme. *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019).

Congress did not intend to require knowledge of a victim's age for a conviction under § 2423(a). Congress's purpose in enacting and amending § 2423(a) was to provide minors special protection against sexual mistreatment. *See Taylor*, 239 F.3d at 997 (citing H.R. Rep. No. 105–557 (1998)). In the face of longstanding consensus among circuit courts that knowledge of age is not an element of § 2423(a), Congress has not added language to the statute "requir[ing] the government to establish the defendant's knowledge of the alleged victim's age." *United States v. Jones*, 471 F.3d 535, 539 (4th Cir. 2006) (noting that Congress amended 18 U.S.C. § 2423 nine times between 1978 and 2006). By not extending the mens rea requirement to the victim's age, Congress eliminated offenders' opportunity to prey on children without consequence by claiming ignorance of the victim's age. *Id.* at 540. A contrary interpretation would frustrate congressional intent to provide minors with heightened protection against sexual exploitation.

The statute is best understood as establishing age as an aggravating factor that subjects defendants to increased penalties for conduct that is already prohibited under 18 U.S.C. § 2421.[4] Aside from § 2423(a)'s focus on minors, § 2421 and

---

[4] Section 2421 criminalizes "knowingly transport[ing] any individual in interstate or foreign commerce . . . with intent

9

§ 2423(a) are nearly identical. *Cox*, 577 F.3d at 837. As a result, those who transport individuals of any age across state lines to engage in prostitution are "already on notice that [they are] committing a crime." *Griffith*, 284 F.3d at 351. Section 2423(a) places the risk on perpetrators that the person they transport is a minor. *Taylor*, 239 F.3d at 977 ("As Congress intended, the age of the victim simply subjects the defendant to a more severe penalty in light of Congress' concern about the sexual exploitation of minors."). Requiring knowledge of age for a conviction under § 2423(a) would make it more difficult to prove sexual exploitation of a minor than an adult. *See Washington*, 743 F.3d at 942; *Jones*, 471 F.3d at 539; *see also United States v. Fontaine*, 697 F.3d 221, 227–28 (3d Cir. 2012) (emphasizing that courts avoid absurd conclusions when interpreting statutes). Because knowledge of a minor's age is not an element of § 2423(a), the lack of knowledge cannot be a defense.

Tyson alternatively suggests that mistake of age is an affirmative defense to § 2423(a). However, the statute's language does not create an affirmative mistake-of-age defense. Instead, § 2423 limits a mistake-of-age defense to a prosecution for a commercial sex act as defined in 18 U.S.C. § 2423(f)(2). *Id.* § 2423(g) ("In a prosecution under this section based on . . . subsection (f)(2), it is a defense . . . that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years."). Section 2423(a) does not contain comparable language. The fact that Congress included a mistake-of-age defense for one subsection but not another

---

that such individual engage in prostitution, or in any [criminal] sexual activity."

indicates that Congress intended to limit the defense to the particular circumstance in § 2423(f)(2).

Tyson next argues that § 2423(a) produces a piggyback offense requiring the Government to prove that he violated some other state or federal law. He suggests that we consider Pennsylvania's law criminalizing prostitution of a minor. *See* 18 Pa. Stat. and Cons. Stat. Ann. § 5902(b.1)(3) (defining "knowingly promot[ing] prostitution of a minor"—including "encouraging, inducing or otherwise intentionally causing a minor to become or remain a prostitute"—as a third degree felony). Tyson invokes Pennsylvania law to claim that it provides a mistake-of-age defense and therefore, a mistake-of-age defense to a charge under § 2423(a).[5]

We do not adopt Tyson's approach for two reasons. First, as the District Court noted, § 2423(a) criminalizes two categories of offenses: (1) engaging in prostitution and (2) engaging in any other sexual activity prohibited by state or federal law. Tyson was indicted on a prostitution charge rather than under the catch-all category.[6] Adopting Tyson's approach

---

[5] Tyson cites to statutory language providing that "[w]hen criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age." 18 Pa. Stat. and Cons. Stat. Ann. § 3102.

[6] Tyson evokes the Seventh Circuit's recognition that "Section 2423(a) creates a piggyback offense" requiring the Government to "show that the sexual activity after crossing the state line violated some other statute." *United States v. Ray*,

would deprive the term "prostitution" of meaning since § 2423(a) already prohibits sexual activity that constitutes a criminal offense. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("[A] statute ought . . . to be so construed that . . . no clause, sentence, or word shall be superfluous, void, or insignificant.").

Second, even if section 5902(b.1)(3) were to constitute the specific offense in this case, it does not provide a mistake-of-age defense. Though Pennsylvania law does provide a mistake-of-age defense, it is limited to sexual offenses listed in Chapter 31 of Pennsylvania's consolidated statutes. *See* § 3102 (clarifying situations where the defense is available "in this chapter" for criminal conduct). Section 5902(b.1)(3), which is listed under Chapter 59, neither requires knowledge of age as an element of a prostitution offense nor provides a mistake-of-age defense.[7]

We join our sister circuits and hold that mistake of age is not a defense to § 2423(a) and that the Government is not required to prove knowledge of the victim's age. Thus, the District Court did not err in concluding that mistake-of-age

---

831 F.3d 431, 434 (7th Cir. 2016). However, unlike Tyson, the defendant in *Ray* was indicted for a state offense under § 2423(a)'s catch-all category. *See id.* ("The indictment charged Ray with aggravated criminal sexual abuse, in violation of 720 ILCS 5/11-1.60 . . . .").

[7] Tyson acknowledged that Pennsylvania law does not recognize a mistake-of-age defense to the crime of prostitution. Oral Arg. at 10:48.

12

evidence is irrelevant to a prosecution pursuant to § 2423(a) and would likely mislead the jury.

**B.**

In addition to the § 2423(a) count, the grand jury indicted Tyson for knowingly using a minor to produce child pornography in violation of § 2251(a). The statute states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed . . . or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

§ 2251(a). In granting the Government's motion in limine, the District Court concluded that "any evidence of mistake of age . . . is irrelevant" and would likely "confuse or mislead the jury" because the Government does not need to prove

13

knowledge of age under § 2251(a). App. 12–14. Tyson raises two arguments as to § 2251(a). First, he points to a perceived circuit split and lack of controlling authority on whether the Government must prove knowledge of age. Second, even if knowledge of age is not an element, Tyson argues that the First Amendment requires an affirmative mistake-of-age defense.

Tyson claims that neither the Supreme Court nor this Court have definitely ruled on whether the Government must prove knowledge of age. In *United States v. X-Citement Video*, the Supreme Court analyzed § 2251(a) to clarify the meaning of 18 U.S.C. § 2252. The majority stated that child pornography "producers may be convicted under § 2251(a) without proof they had knowledge of age." 513 U.S. 64, 76 n.5 (1994); *see also Cochran*, 17 F.3d at 60–61 (concluding that § 2252 requires knowledge of age after contrasting it with § 2251(a)). While Tyson is correct that these cases consider § 2251(a) in dicta, we nonetheless view them as persuasive authority. *See In re McDonald*, 205 F.3d 606, 612 (3d Cir. 2000) ("[W]e should not idly ignore considered statements the Supreme Court makes in dicta. The Supreme Court uses dicta to help control and influence the many issues it cannot decide because of its limited docket.").

To limit the persuasiveness of the § 2251(a) discussion in these cases, Tyson points to a supposed circuit split on the issue.[8] Our sister circuits, however, have unequivocally held

---

[8] Tyson cites to decisions from the First and Ninth Circuits to support his argument that there exists a circuit split. *See United States v. Encarnación-Ruiz*, 787 F.3d 581 (1st Cir. 2015); *United States v. U.S. District Court* (*Kantor*), 858 F.2d 534 (9th Cir. 1988). We are unpersuaded. While *Encarnación-*

14

that knowledge of age is not an element of § 2251(a).[9] "In the wake of the *X-Citement Video* decision, all of the federal courts of appeals that have considered the issue of scienter under § 2251(a) have held that a defendant's knowledge of the minor's age is not an element of the offense." *Humphrey*, 608 F.3d at 960. We see no reason to depart from this consensus. Because of § 2251(a)'s unambiguous text and history, we join our sister circuits and hold that the Government is not required to prove knowledge of age.

The statute's text and history indicate that Congress did not intend to require the Government to prove knowledge of age or provide defendants with an affirmative mistake-of-age defense. *Malloy*, 568 F.3d at 171–72. Indeed, Congress specifically removed "knowingly" from § 2251(a)'s age element to facilitate enforcement of laws prohibiting the production of child pornography. *See Cochran*, 17 F.3d at 60–61 (discussing Congress's decision to delete "knowingly" from

---

*Ruiz* is limited to an "aider and abettor's knowledge that the victim was a minor," 787 F.3d at 584, Tyson was solely charged as a principal. Furthermore, *Kantor* explicitly states that knowledge is not an element of the statute. 858 F.2d at 538 ("The defendant's awareness of the subject's minority is not an element of the offense.").

[9] *See, e.g., United States v. Fletcher*, 634 F.3d 395 (7th Cir. 2011); *United States v. Humphrey*, 608 F.3d 955 (6th Cir. 2010); *United States v. Pliego*, 578 F.3d 938 (8th Cir. 2009); *United States v. Malloy*, 568 F.3d 166 (4th Cir. 2009); *United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008); *United States v. Griffith*, 284 F.3d 338 (2d Cir. 2002); *United States v. Crow*, 164 F.3d 229 (5th Cir. 1999).

a draft bill due to the Department of Justice's concern that it would increase the difficulty of prosecuting child pornography producers).

Criminal statutes aimed at protecting children from sexual offenses have long been considered exempt from the general scienter presumption. *See Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952) ("Exceptions [to the common law presumption] came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent."). Courts are particularly reluctant to impose a mens rea requirement to a minor's age because the Government is "entitled to greater leeway in the regulation of pornographic depictions of children." *See New York v. Ferber*, 458 U.S. 747, 756 (1982).

Perhaps recognizing the lack of a textual or historical basis for a mistake-of-age defense, Tyson invites us to read an affirmative defense into the statute. He cites a Ninth Circuit decision holding that the First Amendment requires a mistake-of-age defense to a prosecution under § 2251(a). Appellant's Br. 16–18 (citing *Kantor*, 858 F.2d at 540). In that case, the Ninth Circuit reasoned that the "imposition of criminal sanctions on the basis of strict liability . . . would seriously chill protected speech." *Kantor*, 858 F.2d at 540. Rather than invalidating the statute, the majority instead recognized an affirmative mistake-of-age defense. *Id.* at 542. We decline Tyson's invitation to join the Ninth Circuit in recognizing an affirmative defense under the First Amendment. *See Humphrey*, 608 F.3d at 960 (noting that "the Ninth Circuit

16

stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense").[10]

We are unconvinced that excluding mistake-of-age evidence poses a substantial risk to protected expression. Perpetrators are well positioned to know the age of a victim because they "confront[] the underage victim personally." *X-Citement Video*, 513 U.S. at 72 n.2. As for legitimate producers, only a small subset of pornography—that which involves "youthful-looking" performers—can conceivably be subject to criminal prosecution under § 2251(a). *Malloy*, 568 F.3d at 175–76. Most prosecutions involving this subset include performers that are undoubtedly children rather than adults that appear to be young. *Id.* at 176. In fact, producers are already required to verify the ages of performers. *See* 18 U.S.C. § 2257(b)(1) (requiring producers to "ascertain . . . the performer's name and date of birth").

Even if interpreting § 2251(a) to preclude mistake-of-age evidence chills some protected speech, the risk is significantly outweighed by the Government's compelling interest in protecting children from child pornography. "[S]afeguarding the physical and psychological well-being" of children is a compelling government interest. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982).

---

[10] Regardless, *Kantor* is of limited applicability to the issue at hand in this case. *Kantor* involved the production of a non-obscene film and was decided six years prior to the Supreme Court's *X-Citement Video* decision. *Kantor*, 858 F.2d at 538 ("[N]o one claims that [the film] is obscene; the film would therefore enjoy the protection of the [F]irst [A]mendment were it not for its depiction of a minor.").

17

Here, Tyson recorded a video of the underage victim performing oral sex on him. Section § 2251(a) was enacted precisely to protect children from the conduct Tyson engaged in. After all, "[a] democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens." *Prince v. Massachusetts*, 321 U.S. 158, 168 (1944).

We hold that mistake of age is not a defense to § 2251(a) because knowledge is not an element of the offense. The statute also does not contain an affirmative mistake-of-age defense, and such a defense is not mandated by the Constitution. Therefore, the District Court did not err in excluding mistake-of-age evidence.

## IV.

Accordingly, for the reasons stated above, we will affirm the District Court's grant of the Government's motion in limine precluding mistake-of-age evidence.