**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3629
_____

UNITED STATES OF AMERICA

v.

BRIAN SALVADO,
Appellant

_____

On Appeal from the United States District Court for the
Middle District Court of Pennsylvania
(D.C. No. 1:18-cr-00228-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on October 4, 2021 pursuant to Third Circuit L.A.R. 34.1(a)

Before: SHWARTZ, RESTREPO, and SCIRICA, *Circuit Judges*

(Opinion filed: December 23, 2021)

OPINION[1]
_____

_____

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

RESTREPO, *Circuit Judge*.

Brian Salvado appeals his conviction and sentence. Salvado entered into a plea agreement with the government and was sentenced to 20 years in prison. Salvado's appointed appellate counsel has filed an *Anders*[2] brief and requested leave to withdraw. For the reasons that follow, we will grant counsel's motion to withdraw and affirm the District Court's conviction and judgment of sentence.

## I.      Facts

We write for the parties, and in so doing communicate only those facts necessary for the disposition of this matter. Appellant Brian Salvado was a resident of Franklin County, Pennsylvania in 2017 when he communicated with A.G. via an adult dating website.  A.G. falsely stated that he was 18 years old, and he subsequently sent naked pictures of himself to Salvado. Salvado and A.G. continued to communicate with each other. After Salvado learned that A.G. was actually 16 years old and lived in Illinois, the two continued to exchange audio, video, and photographs. He also solicited A.G. to send images that constituted child pornography. Salvado made a series of offers including a computer, a house, and payment to A.G.'s mother in order to marry him. During the investigation, the government identified ten other victims.

Initially, the Northern District of Illinois charged Salvado with one count of producing child pornography in violation of 18 U.S.C. § 2251(a) based on the images he received from A.G. The Middle District of Pennsylvania brought similar charges against

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

Salvado, and the Northern District of Illinois dismissed its complaint following removal proceedings. A grand jury in the Middle District of Pennsylvania subsequently returned a four-count indictment, charging Salvado with production of child pornography. Salvado plead guilty to one count of child pornography production under 18 U.S.C. § 2251(a) and (e), and he was sentenced to twenty years in prison.

Attorney Frederick W. Ulrich was appointed to represent Salvado to appeal his conviction and sentencing. Ulrich then filed the *Anders* brief and a motion to withdraw as counsel. The United States filed a brief in support. Salvado filed a pro se informal brief in opposition in which he argues: (1) the District Court made incorrect factual findings concerning his knowledge of A.G.'s age, the number of child pornography images found on his hard drive, and that he did not entice the victim for pictures or promise him expensive gifts; (2) the government failed to produce text messages; (3) he should have been convicted under 18 U.S.C. § 2252A(a)(5)(B) instead of § 2251; (4) double jeopardy bars his prosecution; and (5) his counsel coached him concerning his plea and told him that he could not file a motion to withdraw his plea until after sentencing.

## II. Jurisdiction

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review in determining whether there are any nonfrivolous issues for appeal. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

## III. Discussion

3

Under *Anders*, appointed appellate counsel can request permission to withdraw as counsel if, following a "conscientious examination of the record," he or she determines that appellant's case is "wholly frivolous," and there is nothing "in the record that might arguably support the appeal." 386 U.S. at 744; *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). We must determine whether counsel "thoroughly examined the record in search of appealable issues," *Id.* at 300, and ensured that the record is free of anything that "might arguably support the appeal." *Anders*, 386 U.S. at 744; *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (citation omitted).

When counsel submits an *Anders* brief, this Court must engage in a two-step analysis to determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300; *See also McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988) (stating that an issue is frivolous if it "lacks any basis in law or fact"). Third Circuit Local Appellate Rule ("LAR") 109.2 requires appellant's counsel to serve the brief on both government and the appellant. The government must file a response brief, and the appellant may file a pro se response brief which can be informal. *Youla*, 241 F.3d at 300. Upon review of appellate counsel's *Anders* brief, this Court must (1) ensure that counsel has complied with the requirements of LAR 109.2 and *Anders*; and (2) independently review the record to see whether there are any non-frivolous issues. *See Coleman*, 575 F.3d at 319. If, after this Court reviews all briefs, "the [appellate] panel agrees that the appeal is without merit, it will grant counsel's

4

*Anders* motion and dispose of the appeal without appointing new counsel." LAR 109.2(a).

Here, a review of the record shows that appellate counsel has satisfied the requirements of both LAR 109.2 and *Anders* with service of the brief to appropriate parties and a thorough review of the record identifying any potential issues for appeal. Appellate counsel's review has not revealed any non-frivolous basis upon which Salvado can appeal.

This Court's independent review of the record leads to the same conclusion. There are no non-frivolous grounds to challenge the District Court's decision to either vacate Salvado's conviction or to amend his sentencing. Salvado's potential claim of innocence would be frivolous here because, in addition to the voluntary nature of his guilty plea, the facts on record do not support such an assertion. Similarly, Salvado's claim regarding double jeopardy is without merit.

### a. Guilty Plea

Salvado's guilty plea is valid under the Constitution and Federal Rule of Criminal Procedure 11 and it met the standards for a knowing and voluntary plea established in *Boykin v. Alabama*, 395 U.S. 238 (1969). *See United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006).[3] During the change of plea hearing, the District Court

---

[3] Our Court in *Schweitzer* clearly explained the requirements of a guilty plea associated with Fed. R. Crim. P. 11(b). The district court must provide certain admonitions and warnings: the waiver of certain constitutional rights by virtue of a guilty plea; the "maximum possible penalty" to which the defendant is exposed; the court's obligation to apply the Sentencing Guidelines and the discretion to depart from said Guidelines; and

confirmed that Salvado's plea was knowing and voluntary. The Court also confirmed

Salvado's competence, ensured that he understood the charges against him, and reviewed

his constitutional rights. The Court found there was a factual basis for Salvado's

guilty plea. Because Salvado pleaded guilty knowingly and voluntarily with an

understanding of his rights and the consequences of his plea and there was a factual basis

for his plea, there is no issue of arguable merit concerning the plea's validity.

### b. Sentencing

Salvado argues that the District Court erred in imposing a 20-year sentence. Under

18 U.S.C. § 3742(a), a defendant may seek appellate review of a final sentence if the

court's sentence was "imposed in violation of the law" and a determination of the legality

requires a sentence to be imposed based on a set of reasonableness factors. 18 U.S.C. §

3553(a). This Court reviews the substantive reasonableness of a sentence for abuse of

discretion. *See United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014).

A sentencing court abuses its discretion only if "no reasonable sentencing court would

have imposed the same sentence on that particular defendant for the reasons the

[sentencing] court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

"As long as a sentence falls within the broad range of possible sentences that can be

considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must

---

"the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." The court must ensure that the defendant understands these provisions and still wishes to enter a guilty plea on his or her own volition. 454 F.3d at 202-03 (quoting Fed. R. Crim. P. 11(b)).

affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Sentences that fall within the applicable Guidelines range are entitled to a presumption of reasonableness. *United States v. Handerhan*, 739 F.3d 114, 119-20 (3d Cir. 2014). Where there are no objections to the procedural reasonableness of the sentence during the sentencing proceedings, our review is limited to plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (holding that "when a party wishes to take an appeal based on a procedural error at sentencing… that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal.").

At sentencing, Salvado made no objections to the procedural reasonableness. With respect to the substantive reasonableness, the District Court ruled in favor of Salvado's sole objection to the presentence report. In conducting a §3553(a) analysis, the Court addressed the nature and circumstances of the offense and its non-contact nature, Salvado's background and character, and his risk of recidivism and determined these factors to be mitigating. Additionally, the District Court's imposition of a 20-year sentence is a 10-year downward variance from the advisory guideline range of 30 years. To recap, the District Court adhered to the Sentencing Guideline range, ruled on objections, reviewed the relevant sentencing factors, gave "rational and meaningful" consideration to the §3553 factors, and provided a cogent explanation of the significant downward variance from the sentencing guidelines; all of this was done in accordance with this Court's requirements set forth in *Tomko*. 562 F.3d at 568 (citation omitted).

7

Accordingly, we hold that the District Court did not abuse its discretion in its imposing the 20-year sentence upon Salvado.

### c. Double Jeopardy

Salvado argues that because the Northern District of Illinois indicted him, the charges that the Middle District of Pennsylvania brought against him constitute double jeopardy. Though the District Court did not address the question of double jeopardy, we will do so here. Following Salvado's arrest, the Northern District of Illinois charged him with one count of producing child pornography in violation of 18 U.S.C. § 2251(a). The Northern District of Illinois dismissed its complaint against Salvado after removal proceedings, at which point the Middle District of Pennsylvania indicted Salvado with four counts of child pornography. "In a jury trial jeopardy attaches when the jury is empaneled and sworn; in a non-jury trial jeopardy attaches when the court begins to hear evidence." *Klobuchir v. Pennsylvania*, 639 F.2d 966, 970 (3d Cir. 1981) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)). The Northern District of Illinois did not empanel and swear a jury in Salvado's matter. Therefore, double jeopardy does not attach here.

### d. Salvado's Other Pro Se Arguments

Salvado's other pro se arguments do not provide a basis for relief. First, Salvado's challenges to the District Court's factual findings concerning the number of images found on his drive as well as  whether he enticed the minor to send pictures, knew the victim's age, and falsely promised to provide the victim gifts would not change the result because

8

(1) Salvado's charges and conviction were based only on four photographs; (2) even if Salvado did not persuade or entice A.G. for photographs, his conduct constitutes child pornography production because he "use[d]" A.G. "to engage in . . . sexually explicit conduct," 18 U.S.C. § 2251(a); and (3) "mistake of age is not a defense to § 2251(a) because knowledge is not an element of the offense," *United States v. Tyson*, 947 F.3d 139, 148 (3d Cir. 2020). Moreover, Salvado admitted to "entic[ing]" A.G. to send sexually explicit photographs after he learned that A.G. was sixteen years old. App. 59. Whether Salvado lied about promising A.G. expensive gifts is inapposite because his charges and guilty plea were based on the fact that he solicited child pornography, not that he promised A.G. gifts.

Second, Salvado's argument concerning the Government's failure to produce certain text messages between law enforcement officers and the victim does not provide a basis for relief because Salvado has not proved that any such text messages were favorable to him or that he suffered prejudice without them. *See Dennis v. Sec'y, Pa. Dep't of Corrs.*, 834 F.3d 263, 284-85 (3d Cir. 2016) (en banc). Instead, Salvado merely claims that he did not see text messages in which an officer attempted to reach Salvado while pretending to be A.G. *See* Appellant's Br. at 4.

Third, because there was a factual basis for a conviction under § 2251, there was no error in not charging or finding him guilty of a violation of that statute and thus there was no error in not charging him under 18 U.S.C. § 2252A(a)(5)(B).

9

Finally, Salvado's arguments concerning whether his counsel was ineffective concerning discovery, for having allegedly coached him to enter a guilty plea, or having advised him that he could file a motion to withdraw his guilty plea until after sentencing are all not appropriately raised on direct appeal. Rather, any such claims of alleged ineffective assistance of counsel are more appropriately brought on collateral attack pursuant to 28 U.S.C. § 2255. *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003)

**IV.    Conclusion**

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Salvado's judgment of conviction and sentence.