NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2696
_____

UNITED STATES OF AMERICA

v.

SHAWN MCINTOSH,
Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-17-cr-00026-007
District Judge: Honorable Curtis V. Gomez

_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
December 10, 2021

Before: McKEE, RESTREPO, and SMITH, *Circuit Judges*

(Filed:  January 25, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Shawn McIntosh challenges the procedure of his criminal trial and sentencing. Because the District Court did not commit any error warranting a new trial or resentencing, we will affirm.[1]

\*         \*         \*

Following McIntosh's joint trial with two other co-defendants, the Jury found McIntosh guilty of committing and conspiring to commit Hobbs Act Robbery, 18 U.S.C. § 1951, and also of a firearm offense, 18 U.S.C. § 924(c)(1)(A). The District Court subsequently sentenced him to above-guidelines terms of 67-months' imprisonment for each of the two Hobbs Act offenses, to be served concurrently, and a statutory mandatory minimum term of 84-months' imprisonment for the firearm offense, to be served consecutively.

On appeal, McIntosh contends that the District Court committed five errors: (1) allowing trial to proceed with a juror who, although subject to *voir dire*, was not on the final jury list, in violation of the Sixth Amendment; (2) insufficiently applying safeguards to a non-testifying co-defendant's out-of-court testimony, in violation of *Bruton v. United States*[2] and the Sixth Amendment's Confrontation Clause; (3) limiting cross-examination of the government's cooperating witness, similarly in violation of the Confrontation

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] 391 U.S. 123 (1968).

Clause; (4) admitting the government's cooperating witness's lay testimony identifying McIntosh in surveillance video footage, in violation of the Federal Rules of Evidence; and (5) sentencing McIntosh, but not his co-defendants, to an above-guidelines term of imprisonment.[3]

Even assuming there was a *Bruton* error, we conclude that it was harmless beyond a reasonable doubt. The District Court did not err in the way McIntosh suggests on the other four fronts.

    1. <u>There was no violation of the right to trial by an impartial jury.</u>

The District Court did not commit constitutional error by allowing trial to proceed with a juror who was not on the final jury list yet not objected to during *voir dire*.[4] As we explained in the appeal of McIntosh's co-defendant, impaneling the wrong juror in and of itself does not violate the Sixth Amendment right to trial "by an impartial jury." To offend the Sixth Amendment, the error must impugn the impartiality of the jury that rendered the verdict. *United States v. Wilson*, No. 18-2727, 2022 WL -------, slip op. at 3–6 (3d Cir. Jan. 20, 2022); *id.* at 4, quoting *Ross v. Oklahoma*, 487 U.S. 81, 87 n.2 (1988) (holding that it is not the case that "any error which affects the composition of the jury must result in

---

[3] Because McIntosh "fails to specify" the arguments he seeks to adopt from the appeals of his co-defendants pursuant to Federal Rule of Appellate Procedure 28(i), we limit our review of McIntosh's appeal to the issues he specifically raises in his briefs. *United States v. Fattah*, 914 F.3d 112, 146 n.9 (3d Cir. 2019).

[4] We review whether there was a Sixth Amendment violation *de novo*, as the issue presents a pure question of law. *United States v. Tyson*, 947 F.3d 139, 142 (3d Cir. 2020).

reversal").[5]  Because McIntosh does not point to any evidence of partiality by the Jury, there was no constitutional error.

### 2.  If there was *Bruton* error, it was harmless beyond a reasonable doubt.

The District Court may have committed *Bruton* error by admitting the out-of-court testimony of Ron Delano Kuntz, McIntosh's co-defendant who did not take the stand at trial, because Kuntz's testimony could have been construed as referring to McIntosh.  But even assuming the error, it was harmless beyond a reasonable doubt.[6]

In evaluating whether it was a violation of *Bruton* and the Sixth Amendment's Confrontation Clause to admit an out-of-court statement by a non-testifying co-defendant, we undertake a two-step inquiry.  *United States v. Berrios*, 676 F.3d 118, 127–29 (3d Cir. 2012) (citing *Bruton*, 391 U.S. 123; *Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 547 U.S. 813 (2006)).  The first step—whether the statement was testimonial—is satisfied here because Kuntz made the out-of-court statement to a police detective.  *Berrios*, 676 F.3d at 127 (identifying police interrogations as "definitively testimonial").

Under the second step, we determine whether the District Court applied a sufficient safeguard: for example, by ensuring that Kuntz's out-of-court testimony eliminated all

---

[5] We cite to our not precedential opinion in *Wilson* not as authority but to indicate that our ruling here is consistent with our holding on the same question in the appeal of McIntosh's co-defendant.  *See* I.O.P. 5.7 ("The court by tradition does not cite to its not precedential opinions as authority.").

[6] We exercise *de novo* review over Confrontation Clause challenges.  *United States v. Berrios*, 676 F.3d 118, 125 (3d Cir. 2012).

4

references that could inculpate McIntosh. *Id.* We "take a holistic approach" and evaluate whether the testimony as presented to the jury could implicate McIntosh when considered "in the context of the entire record." *Johnson v. Superintendent Fayette SCI*, 949 F.3d 791, 796 (3d Cir. 2020).

Here, the District Court may not have satisfied the safeguard requirement because Kuntz's testimony could have been construed as placing McIntosh at the robbery when considered against the entire record. Kuntz told the police detective, who in turn relayed to the Jury, that Kuntz "picked up four individuals" at the seaplane shuttle arriving from St. Croix and dropped them off at a guest house. The government's cooperating witness, Robert Brown, subsequently testified that he had been at a guest house with "four guys," including McIntosh. Brown also testified that there were "four guys for the robbery" at the jewelry store, again specifically naming McIntosh. And Brown testified that "the four guys that went to the jewelry store" were the ones that "came from St. Croix." The government's witness from the seaplane company also identified four individuals who had flown from St. Croix, including McIntosh.

If the District Court committed a *Bruton* error with respect to Kuntz's testimony, it was in allowing the testimony that made specific reference to "four individuals." The reference to four people could have linked Kuntz's testimony to Brown's and other testimony against McIntosh. And the government, which introduced Kuntz's testimony only for purposes of proving Kuntz's involvement in the conspiracy, did not need the testimony to specify "four individuals." For example, the testimony could have simply referred to "multiple individuals."

5

We need not decide, however, whether there was a *Bruton* error. Assuming there was an error, it was harmless beyond a reasonable doubt. We may affirm a defendant's conviction in spite of a *Bruton* error if other, competent evidence of the defendant's guilt was sufficient to overcome the error. Thus, in *United States v. Richards*, we held that a *Bruton* error was harmless beyond a reasonable doubt in part because a co-conspirator independently identified the defendant. 241 F.3d 335, 342 (3d Cir. 2001).

Here, the other evidence against McIntosh was overwhelming. In addition to the other testimony and evidence suggesting McIntosh was involved in the robbery, Brown, the government's cooperating witness, directly implicated McIntosh in that holdup. As we explain below, Brown's testimony was constitutionally competent because the District Court did not impermissibly limit McIntosh's examination of Brown.

3. <u>The District Court's limits on defense examination of the government's cooperating witness did not offend the Confrontation Clause.</u>

McIntosh's second Confrontation Clause challenge also fails, as the District Court permitted substantial defense examination of Brown with respect to Brown's motivations for testifying for the government.[7] McIntosh was allowed to ask Brown about specific offenses the government dismissed against him in exchange for Brown's cooperation. He was also allowed to ask Brown about potential uncharged offenses he disclosed to the government as part of his cooperation agreement, including two murders, robbery, drug smuggling, and assault weapon possession. Thus, the District Court's limits on other

---

[7] We review the challenge *de novo*. *See supra* note 6.

aspects of McIntosh's examination of Brown did not offend the Confrontation Clause. *United States v. Noel*, 905 F.3d 258, 267 (3d Cir. 2018).

4. <u>The District Court did not abuse its discretion when it permitted Brown to identify McIntosh on surveillance video footage.</u>

McIntosh argues that Federal Rule of Evidence 701 and *United States v. Fulton*, 837 F.3d 281 (3d Cir. 2016), prohibited the District Court from allowing Brown to identify McIntosh on the surveillance video footage.[8] Not so. In *Fulton*, we held that two lay witnesses—an FBI agent and an investigating officer—were insufficiently familiar with the defendants they had identified because they did not meet the defendants until after the robbery at issue. *Fulton*, 837 F.3d at 299. Here, by contrast, the government established that Brown was sufficiently familiar with McIntosh's appearance. Brown testified that he was at a guest house with McIntosh the morning of the robbery and at the house where McIntosh and the other co-conspirators met after the robbery. The District Court did not abuse its discretion in permitting Brown to identify McIntosh on the surveillance video footage.

5. <u>The District Court did not abuse its discretion in imposing an above guidelines sentence for McIntosh.</u>

McIntosh did not appear to argue in the sentencing hearing that the District Court failed to explain why McIntosh received a harsher sentence than his similarly situated co-defendants. But even if he did preserve this argument for appeal, McIntosh fails to

---

[8] We review decisions as to the admissibility of evidence for abuse of discretion. *United States v. Georgiou*, 777 F.3d 125, 143 (3d Cir. 2015).

establish an abuse of discretion by the District Court.[9]  The District Court made several findings regarding McIntosh that tend to explain why he received a harsher sentence. Specifically, the District Court noted that McIntosh had "just [been] sentenced by this Court . . . for possession of a firearm by a felon" and had previously been convicted of third-degree burglary and of "possession of a firearm by a felon."  JA-674.  McIntosh was also one of the two defendants being sentenced who entered the jewelry store during the robbery.  The other defendant, unlike McIntosh, had no "remarkable" brushes with the law.

Thus, the District Court sufficiently articulated its reasons for giving McIntosh a higher sentence than his co-defendants.  This was not a sentencing proceeding where "our review is frustrated" by insufficient explanation from the District Court.  *United States v. Negroni*, 638 F.3d 434, 445 (3d Cir. 2011).

* * *

We will affirm McIntosh's conviction and his sentence.

---

[9] We review the reasonableness of a criminal sentence for abuse of discretion.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*).