# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3355
_____

United States of America

*Plaintiff - Appellee*

v.

Luis Alfredo Moreira-Bravo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: June 15, 2022
Filed: December 27, 2022
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Luis Alfredo Moreira-Bravo pleaded guilty to transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) after the district court[1] denied his motion *in limine*. He appeals that denial, and we affirm.

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

## I.

In May 2020, twenty-six-year-old Moreira-Bravo drove from Minnesota to Iowa to meet with fourteen-year-old R.M. Moreira-Bravo and R.M. had sex in Moreira-Bravo's car, drove to Minnesota, and had sex again. R.M. never told Moreira-Bravo that she was under eighteen. She instead told him that she was at least nineteen years old. On May 7, officers observed Moreira-Bravo and R.M. together and arrested Moreira-Bravo. When questioned, he claimed that he believed R.M. was nineteen years old.

Moreira-Bravo was indicted for transporting a minor with intent to engage in criminal sexual activity under 18 U.S.C. § 2423(a). He filed a motion *in limine* asking the district court to instruct the jury that § 2423(a) required the Government to prove that (1) he knew R.M. was underage and (2) he intended the unlawful nature of the sexual activity. The district court denied the motion. Moreira-Bravo conditionally pleaded guilty while reserving his right to appeal the denial of his motion *in limine*. *See* Fed. R. Crim. P. 11(a)(2). In his plea agreement, Moreira-Bravo stipulated that he transported R.M. from Iowa to Minnesota intending to engage in sexual activity with her, that they engaged in sexual activity upon arrival in Minnesota, and that he was more than 120 months older than fourteen-year-old R.M. at the time. To satisfy the § 2423(a) element of "intent that the [transported] individual engage in . . . sexual activity for which any person can be charged with a criminal offense," the agreement named the Minnesota state offense of criminal sexual conduct in the third degree, which at the time criminalized intercourse with a victim between thirteen and sixteen years old by a person more than twenty-four months older. *See* Minn. Stat. § 609.344, subd. 1(b) (2019), *amended by* Minn. Stat. § 609.344, subd. 1a(b) (2021). Mistake of age was no defense to a violation of section 609.344 if the defendant was more than 120 months older than the victim. *Id.*

## II.

"We review questions of statutory interpretation *de novo*." *United States v. Schostag*, 895 F.3d 1025, 1027 (8th Cir. 2018). Section 2423(a) states:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

This case concerns the two *mens rea* requirements: "knowingly" and "with intent that." Moreira-Bravo argues that § 2423(a) requires proof that he both (1) knew R.M. had not attained the age of eighteen and (2) intended the unlawfulness of the sexual activity. The district court construed § 2423(a) to require neither. We agree with the district court.

## A.

Moreira-Bravo first argues that § 2423(a) requires knowledge of the victim's underage status. We follow the nine other circuits to address this question and hold that it does not. *See United States v. Tavares*, 705 F.3d 4, 19-20 (1st Cir. 2013); *United States v. Griffith*, 284 F.3d 338, 350-51 (2d Cir. 2002); *United States v. Tyson*, 947 F.3d 139, 144 (3d Cir. 2020); *United States v. Washington*, 743 F.3d 938, 943 (4th Cir. 2014); *United States v. Daniels*, 653 F.3d 399, 410 (6th Cir. 2011); *United States v. Cox*, 577 F.3d 833, 838 (7th Cir. 2009); *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001); *United States v. Lacy*, 904 F.3d 889, 898 (10th Cir. 2018); *United States v. Morgan*, 45 F.4th 192, 209 (D.C. Cir. 2022), *cert. denied*, --- U.S. ---, 2022 WL 17408288 (Dec. 5, 2022); *cf. United States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012) (per curiam) (adopting the reasoning of other circuits regarding § 2423(a) to find that the *mens rea* did not apply to the age requirement in 18 U.S.C. § 2422(b)).

Moreira-Bravo invokes two presumptions of statutory construction found in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), and *Rehaif v. United States*, 588 U.S. ---, 139 S. Ct. 2191 (2019). *Flores-Figueroa* established the text-based presumption that the adverbial *mens rea* "knowingly" applies to all subsequently listed elements (the "all-subsequent-elements presumption"). *See* 556 U.S. at 650. *Rehaif* appealed to the longstanding presumption that a *mens rea* applies to every element that separates criminal from innocent conduct (the "otherwise-innocent-conduct presumption"). *See* 139 S. Ct. at 2196-97. Under these presumptions, Moreira-Bravo argues, the *mens rea* "knowingly" applies to the age requirement because it is a subsequently listed element that separates innocent from criminal conduct. We disagree.

1.

"[W]e begin with the statute's plain language," *United States v. Raiburn*, 20 F.4th 416, 422 (8th Cir. 2021), giving "words . . . the meaning that proper grammar and usage would assign them," *Nielsen v. Preap*, 536 U.S. ---, 139 S. Ct. 954, 965 (2019) (internal quotation marks and citations omitted). Prior to *Flores-Figueroa*, we noted that "qualifying words and phrases . . . apply only to the words or phrases immediately preceding or following them." *See United States v. Mendoza-Gonzales*, 520 F.3d 912, 915 (8th Cir. 2008) (citing 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 47:33 (7th ed. 2007)), *cert. granted, judgment vacated,* 556 U.S. 1232 (2009), *and abrogated by Flores-Figueroa*, 556 U.S. 646. Under this approach, "knowingly" would modify only the verb "transports," and not the subsequent elements. But in ordinary usage, "a mental state adverb can modify some or all of the remaining words in a sentence." *United States v. Figueroa*, 165 F.3d 111, 115 (2d Cir. 1998). For example, "if a bank official says, 'Smith knowingly transferred funds to his brother's account,' we would normally understand the bank official's statement as telling us that Smith knew the account was his brother's." *Flores-Figueroa*, 556 U.S. at 650. Or the adverb might attach to only part of the ensuing phrase, as in the sentence, "'[t]he mugger knowingly assaulted two people in the park—an employee of company X and a

-4-

jogger from town Y.'  A person hearing this sentence would not likely assume that the mugger knew about the first victim's employer or the second victim's hometown."  *Id.* at 659 (Alito, J., concurring).  And the sentence, "Ted knowingly stole expensive toys from a toy store that was on the verge of bankruptcy," indicates that Ted knew he stole toys, knew they were expensive, and knew they came from the toy store.  But whether Ted knew about the bankruptcy is ambiguous.  Thus, in some statutory phrases that use the word "knowingly," "neither grammar nor punctuation resolves the question of how much knowledge Congress intended to be sufficient for a conviction."  *Figueroa*, 165 F.3d 111, 115; *see also Liparota v. United States*, 471 U.S. 419, 425 (1985) (quoting W. LaFave & A. Scott, Criminal Law § 27 (1972)) ("[I]t is not at all clear how far down the sentence the word 'knowingly' is intended to travel.").

The all-subsequent-elements presumption helps resolve this ambiguity.  In *Flores-Figueroa*, the Supreme Court interpreted 18 U.S.C. § 1028A(a)(1), which penalizes the offender who "knowingly . . . uses . . . a means of identification . . . of another person."  The statute's similar syntax to § 2423(a) is apparent.  *Compare* § 1028A(a)(1) (punishing an offender who "knowingly [(adverb)] . . . uses [(verb)] . . . a means of identification [(direct object)] . . . of another person" (modifier of direct object)), *with* § 2423(a) (punishing the offender who "knowingly [(adverb)] transports [(verb)] an individual [(direct object)] who has not attained the age of 18 years" (modifier of direct object)).  Faced with § 1028A(a)(1), the government claimed it did not need to prove that the defendant knew the identification he used belonged to "another person."  *Flores-Figueroa*, 556 U.S. at 648.  The Court rejected this argument because "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime."  *Id.* at 650.  *Flores-Figueroa* now stands for a presumption that the *mens rea* "knowingly" applies to all subsequently listed elements in a statute. *See, e.g., United States v. Bruguier*, 735 F.3d 754, 758 (8th Cir. 2013) (en banc).

But the all-subsequent-elements presumption is not a bright-line rule; it "can be rebutted where the 'context' or 'background circumstances' of a statute lead to a

different reading." *See Bruguier*, 735 F.3d at 761 (quoting *Flores-Figueroa*, 556 U.S. at 652). Justice Alito, concurring in *Flores-Figueroa*, identified § 2423(a) as an "example" of a statute where "context may well rebut th[e all-subsequent-elements] presumption." 556 U.S. at 660. We conclude that in § 2423(a), context does rebut the presumption.

a.

Congress codified § 2423(a) in the context of a longstanding, near-universal tradition of strict liability as to the victim's age in child sex crimes. As the Court in *Flores-Figueroa* recognized, "sex crimes involving minors do not ordinarily require that a perpetrator know that his victim is a minor." 556 U.S. at 653.

At common law, the crime of child abduction was a strict-liability offense as to the victim's age. *See* Oliver Wendell Holmes, Jr., *The Common Law* 58-59 (1881). The classic statement of this rule came in *Regina v. Prince*: "The legislature has enacted that if anyone does this wrong act he does it at the risk of the girl turning out to be under sixteen. This opinion gives full scope to the doctrine of mens rea." (1875) 13 Cox C.C. 138 (Eng.).

Early American courts applied *Prince* to hold statutory rape a strict-liability crime as to the child's age. *See, e.g.*, Matthew T. Fricker & Kelly Gilchrist, United States v. Nofziger *and the Revision of 18 U.S.C. § 207: The Need for a New Approach to the Mens Rea Requirements of Federal Criminal Law*, 65 Notre Dame L. Rev. 803, 815 & n.58 (1990) (collecting cases); *cf.* Francis Bowes Sayre, *Public Welfare Offenses*, 33 Colum. L. Rev. 55, 73 n.66 (1933) (collecting cases in which reasonable mistake as to the victim's age was no defense to child sex crimes). The Supreme Court acknowledged this approach to *mens rea* for child sex crimes in *Morissette v. United States*, 342 U.S. 246 (1952), noting that the common law contained exceptions to Blackstone's requirement that criminals have a "vicious will," *id.* at 251, including "sex offenses, such as rape, in which the victim's actual

-6-

age was determinative despite defendant's reasonable belief that the girl had reached [the] age of consent," *id.* at 251 n.8.

This passage from *Morissette* played a key role in *Bruguier*, where we found that a statute making it a crime "knowingly" to have sex with an incapacitated person required knowledge of the victim's incapacitated status. *Bruguier*, 735 F.3d at 757, 763; *see* 18 U.S.C. § 2242(2)(A). The dissent cited *Morissette* to argue that "the victim's status rather than the defendant's knowledge is determinative." *Bruguier*, 735 F.3d at 777 (Murphy, J., concurring in part and dissenting in part). But the concurrence identified the difference between age and other statuses under the common-law tradition: "*Morissette* actually explains that 'sex offenses, such as rape, in which the victim's *actual age*'—not status—'was determinative' are one of the '*few* exceptions' to the mens rea requirement . . . ." *Id.* at 772 (Riley, C.J., concurring) (quoting *Morissette*, 342 U.S. at 251-52 & n.8). Though *Bruguier* may support applying a *mens rea* to some status elements in sex crimes, it does not disturb the common-law treatment of the victim's age in child sex crimes.

Statutory rape was still almost universally a strict-liability crime as to the victim's age when § 2423(a)'s current language was adopted in 1998, *see* Pub. L. No. 105-314, § 103, 112 Stat. 2974, 2976 (1998). In 2003, twenty-nine states and the District of Columbia treated statutory rape as a strict-liability crime as to the child's age in all circumstances, and eighteen states did so in at least some circumstances. Catherine L. Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 Am. U. L. Rev. 313, 385-91 (2003) (surveying state criminal statutes). Only three states had abandoned strict-liability statutory rape. *Id.*

If any crime "involve[s] [a] special context[]," it is § 2423(a). *See Flores-Figueroa*, 556 U.S. at 652. Congress enacted the current version of § 2423(a) against the longstanding, near-universal tradition of making defendants bear the risk that sexual participants might be underage. When Congress employs "terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it

presumably knows and adopts the cluster of ideas that were attached to each borrowed word . . . and the meaning its use will convey to the judicial mind." *Morissette*, 342 U.S. at 263. Given the centuries of strict-liability age elements in child sex crimes, we are convinced that Congress meant § 2423(a) to have a strict-liability age element as well.

b.

Another aspect of § 2423(a)'s context provides both further support for our conclusion and a potential limiting principle. Section 2423(a) is not just a child sex crime, but one in which the defendant has an opportunity to observe the victim. In *United States v. X-Citement Video, Inc.*, the Court held that a statute prohibiting "knowingly" transporting child pornography under 18 U.S.C. § 2252 required proof that the actor knew the victims were underage. 513 U.S. 64, 65-66 (1994). The Court explained that it was comfortable departing from the common law's usual treatment of child sex offenses because "[t]he opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction . . . ." *Id.* at 72 n.2. Conversely, in the *production* of child pornography, criminalized at 18 U.S.C. § 2251, like in statutory rape, "the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age." *See id.* Thus, the Court implied that knowledge of the victim's age was not required under § 2251, *see id.* at 76 n.5, and we subsequently adopted that interpretation, *see United States v. Wilson*, 565 F.3d 1059, 1067-69 (8th Cir. 2009) ("Producers of child pornography, unlike distributors and downstream consumers, are more akin to statutory rapists who are not entitled to any *mens rea* safeguards.").

In another child-sex-crime statute, Congress provided a *mens rea* that varies based on whether the defendant could observe the victim. *See* 18 U.S.C. § 1591(a)-(c); *United States v. Koech*, 992 F.3d 686, 688 (8th Cir. 2021). Section 1591(a) criminalizes sex trafficking where the defendant "know[s]" or acts "in reckless disregard of the fact . . . that the [victim] has not attained the age of 18 years and will be caused to engage in a commercial sex act." But § 1591(c) provides that when

"the defendant had a reasonable opportunity to observe the [victim] . . . the Government need not prove that the defendant knew, or recklessly disregarded the fact, . . . that the [victim] had not attained the age of 18 years." In § 1591, Congress relied on the defendant's opportunity to observe his victim to justify strict liability as to the victim's age.

Like production of child pornography under § 2251 and certain forms of sex trafficking under § 1591(a) but unlike transportation of child pornography under § 2252, transportation of a minor under § 2423(a) gives the defendant a reasonable opportunity to observe his victim. Someone who "knowingly transports" an individual is typically in that person's presence during at least part of the transportation, as Moreira-Bravo was here. *See, e.g.*, *Tavares*, 705 F.3d at 11-12 (indicating that the defendant charged with violating § 2423(a) was in the transported victim's presence); *Griffith*, 284 F.3d at 342 (same); *Tyson*, 947 F.3d at 141 (same); *Washington*, 743 F.3d at 940 (same); *Daniels*, 653 F.3d at 405 (same); *Cox*, 577 F.3d at 834 (same); *Taylor*, 239 F.3d at 996 (same). It makes sense, then, that Congress let § 2423(a) defendants bear the risk of their victim being underage.

c.

Finally, § 2423(a)'s statutory context suggests the same result. Section 2423(b)-(d) criminalizes acts predicated on "illicit sexual conduct," which is defined in § 2423(f)(2) to include, among other things, "any commercial sex act . . . with a person under 18 years of age." Section 2423(g) provides an affirmative defense for prosecutions based on that form of illicit sexual conduct if the defendant "establish[es] by clear and convincing evidence, that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years." "[W]hen Congress includes particular language in one section of a statute but omits it in another—let alone in the very next provision—this Court presumes that Congress intended a difference in meaning." *Loughrin v. United States*, 573 U.S. 351, 358 (2014) (internal quotation marks and brackets omitted). Congress explicitly provided a mistake-of-age defense for

prosecutions arising under a different subsection of § 2423. Its choice not to do the same for § 2423(a) suggests congressional intent that mistake of age should not provide a defense to prosecutions for transporting a minor. This statutory context further supports what § 2423(a)'s text, read properly in light of its historical context, already demands: "knowingly" does not apply to the age requirement.

2.

Nor are we persuaded to depart from this reading by the otherwise-innocent-conduct presumption. *See Rehaif*, 139 S. Ct. at 2196-97. A *mens rea* requirement generally applies to each element that criminalizes otherwise innocent conduct. *Id.* According to Blackstone, an act committed "without a vicious will is no crime at all." 4 William Blackstone, Commentaries *21. The Supreme Court has applied Blackstone's principle to construe an explicit mental-state requirement as attaching to other elements to avoid a construction that "would require the defendant to have knowledge only of traditionally lawful conduct." *See, e.g.*, *Staples v. United States*, 511 U.S. 600, 605, 614-15, 617-18 (1994) (applying a "knowing" *mens rea* to an element because the defendant's actions were "entirely innocent" without that element). In other words, the otherwise-innocent-conduct presumption disfavors interpretations of criminal statutes that merely require proof of a "will," not a will that is "vicious." *See id.* at 617. Three cases are particularly relevant here.

In *X-Citement Video*, the Court interpreted 18 U.S.C. § 2252, which bans "knowingly transport[ing]" or "ship[ping]" and "knowingly receiv[ing] or distribut[ing]" visual depictions "if . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct." *See* 513 U.S. at 68; § 2252(a)(1)(A), (2)(1)(A). The Court held that the defendant could not be guilty of violating § 2252 unless he knew that the victims were underage because underage status was "the crucial element separating legal innocence from wrongful conduct," *id.* at 72-73, 78.

In *Rehaif*, the Court addressed the interaction of two statutory provisions. 139 S. Ct. at 2194. 18 U.S.C. § 922(g) bars certain persons, including those illegally present in the United States, from possessing firearms. 18 U.S.C. § 924(a)(2) (2019) (amended 2022), penalizes anyone who "knowingly violates" § 922(g). The Court held that an unlawful alien does not knowingly violate § 922(g) if he knows he possesses a gun but does not know he is in the United States illegally. 139 S. Ct. at 2194. The defendant had to know his prohibited status because "the possession of a gun can be entirely innocent." *Id.* at 2194, 2197. The defendant's illegal presence was the element separating wrongful from innocent conduct, so the *mens rea* applied to it.

Finally, *Ruan v. United States* interpreted 21 U.S.C. § 841(a), which prohibits "[e]xcept as authorized . . . knowingly or intentionally . . . dispens[ing] a controlled substance." 597 U.S. ---, 142 S. Ct. 2370, 2374 (2022). The question was whether "knowingly" applied to the prefatory clause, "except as authorized." *Id.* at 2375. The Court relied on the otherwise-innocent-conduct presumption to hold that it did, because "a lack of authorization is often what separates wrongfulness from innocence." *Id.* at 2377.

In each of these cases, the disputed element (the performer's age in *X-Citement Video*, the prohibited status in *Rehaif*, and the lack of authorization in *Ruan*) separated criminal from innocent conduct, and the Court relied on this fact to hold that the *mens rea* requirement applied to that element.

Section 2423(a)'s age requirement, in contrast, does not separate wrongful from innocent conduct. Section 2421(a) criminalizes the exact same conduct as § 2423(a)—transporting an individual with intent that the individual engage in prostitution or unlawful sexual activity—without the age requirement. A person who does not know the victim's age and thus might not think himself criminally liable under § 2423(a) is not "innocent" because his conduct still violates § 2421(a). *See Rehaif*, 139 S. Ct. at 2197. Furthermore, the age requirement would not separate wrongful from innocent conduct even if § 2423(a) existed in a vacuum. Stripped of

-11-

its age requirement, § 2423(a) would criminalize transporting an individual across state lines "with the intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." Under neither of these circumstances is the defendant innocent. Even under the sexual-activity prong of § 2423(a) (as opposed to the prostitution prong), the defendant still must intend that the victim engage in sexual activity that satisfies the elements of an underlying criminal offense, totally apart from the age of his transported victim. In other words, the victim's age does not separate criminal from innocent conduct because the defendant must always intend conduct constituting a separate crime. In this case, for example, Moreira-Bravo stipulated to intending sexual activity for which he would be liable under Minnesota's statutory rape law, *see* Minn. Stat. § 609.344, subd. 1a(b), totally apart from his guilt or innocence under § 2423(a) and its age requirement.

This case involves the added complication that the underlying criminal offense also happens to be a strict-liability crime as to the victim's age. *See* Minn. Stat. § 609.344, subd. 1a(b). But this coincidence is no reason to change our construction of § 2423(a). The victim's age does double duty in *this* case, allowing a plausible argument that the victim's age is the only thing separating criminal from innocent conduct. But that will not always be the case. There are many other types of "sexual activity for which any person can be charged with a criminal offense," § 2423(a), that do not involve a strict-liability age element and consequently require a "vicious will," *Morissette*, 342 U.S. at 251. If, for example, a defendant transports an underage victim across state lines with the intent of forcibly raping the victim, the defendant's conduct is, to say the least, not "innocent" regardless of the victim's age. *See Rehaif*, 139 S. Ct. at 2197. And other sexual crimes that do not rely on the participants' ages are legion.[2] We must interpret the age requirement in § 2423(a)

---

[2]A person can also be charged with a crime for, *inter alia*, incest, *see, e.g.*, Ind. Code. § 35-46-1-3 (2022), bestiality, *see, e.g.*, Cal. Penal Code § 286.5 (2022), adultery, *see, e.g.*, Fla. Stat. § 798.01 (2022), cohabitation, *see, e.g.*, Mich. Comp. Laws § 750.335 (2022), and fornication, *see, e.g.*, Miss. Code Ann. § 97-29-1 (2022), and could have been charged for sodomy when Congress enacted the current

without peeking at the elements of the underlying sexual offense that happened to form the predicate for Moreira-Bravo's conviction. Lacking such a peek, we cannot say that the age requirement itself separates criminal from innocent conduct—the "intent" requirement and the attendant underlying crime do that.

At oral argument, Moreira-Bravo distinguished our unanimous sister circuits using a flawed application of the otherwise-innocent-conduct presumption. Those cases, he correctly argued, arose under the prostitution prong of § 2423(a) instead of the sexual-activity prong. *But see Morgan*, 45 F.4th at 196, 208 (deciding in August 2022 that knowledge of the underage status of the victim was not required in a case arising under the sexual-activity prong of § 2423(a)). Because prostitution is always non-innocent, the victim's age did not separate criminal from innocent conduct in those cases. In contrast, Moreira-Bravo argues, his conduct would have been innocent had R.M. been over eighteen. Thus, her underage status *does* separate criminal from innocent conduct here, so we should require knowledge of it.

But Moreira-Bravo incorrectly assumes that all conduct falling under the sexual-activity prong relies on the victim's age for its criminality. As discussed above, that is far from true. Many sexual crimes have nothing to do with the participants' ages. Moreira-Bravo's logic encourages the oddly divergent result of requiring knowledge of the transported victim's age when a minor is transported to engage in statutory rape but not when the minor is transported to engage in any other criminal sexual activity. Like the D.C. Circuit, we decline to interpret a single piece of statutory language differently depending on the underlying facts of the case. *See id.* at 208 (concluding that it would be implausible to require knowledge of underage status when the underlying offense is criminal sexual activity but not when the underlying offense is prostitution).

---

version of § 2423(a) in 1998, *see, e.g.*, Tex. Penal Code Ann. § 21.06 (1998). None of these crimes rely on the participants' age for their criminality.

-13-

In sum, the age of the victim does not separate criminal from innocent conduct in § 2423(a) because the other conduct in the statute—prostitution and unlawful sexual activity—is not innocent.

*    *    *

Neither the all-subsequent-elements presumption nor the otherwise-innocent-conduct presumption applies to § 2423(a), and the statute's context shows that Congress did not intend to require knowledge of the victim's age. The district court correctly held that the Government did not have to prove that Moreira-Bravo knew R.M. had "not attained the age of 18 years." *See* § 2423(a).

B.

Moreira-Bravo's next argument focuses on the latter portion of § 2423(a)—the requirement that the defendant act "with intent that the [transported] individual engage . . . in any sexual activity for which any person can be charged with a criminal offense." He argues that this language requires the Government to prove that he intended both that R.M. engage in sexual activity *and* that she engage in conduct that is *unlawful* as such. Moreira-Bravo again invokes the all-subsequent-elements presumption and the otherwise-innocent-conduct presumption, claiming that the phrase "with intent that" applies to the criminality element.

Unlike the word "knowingly," the phrase "with intent that" is not most naturally read as "applying to all the subsequently listed elements of the crime," at least as it appears in § 2423(a). *See Flores-Figueroa*, 556 U.S. at 650. By arguing that the defendant must not only intend the actions constituting the crime (i.e., sexual activity) but also some further result (i.e., that the sexual activity be unlawful), Moreira-Bravo essentially claims that § 2423(a) is a specific-intent crime. *Cf. United States v. Robertson*, 606 F.3d 943, 954 (8th Cir. 2010) (explaining that "specific intent is the intent to accomplish the precise criminal act that one is later charged with" (internal quotation marks and brackets omitted)). Specific-intent

-14-

crimes are crimes of "purpose," where the defendant "consciously desires th[e] result," in contrast to crimes of "knowledge," where the defendant does not necessarily desire the result even "if he is aware that that result is practically certain to follow." *Id.* Here, it would be strange for Congress to target actors who (1) intend that their victims engage in sexual activity and (2) intend that it results in lawbreaking yet fail to target actors who (1) intend that their victims engage in sexual activity but (2) merely know—or are even "practically certain"—that it involves lawbreaking. *See id.* Such a reading would create a marked imbalance between the proof required for convictions based on the prostitution prong (where intending the activity itself suffices) and the proof required for convictions based on other unlawful sexual activity. The two means of violating the statute are parallel; we do not think Congress singled out the second means—unlawful sexual activity—by restricting its scope to cover only those who fetishize lawbreaking. *Cf. United States v. Cacioppo*, 460 F.3d 1012, 1019 (8th Cir. 2006) ("Nothing in the statute's language, structure or history indicates to us that Congress meant to apply different mens rea standards to two different means of violating [18 U.S.C.] § 1027.").

Furthermore, Moreira-Bravo's interpretation "is in direct conflict with the 'common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally.'" *United States v. Hutzell*, 217 F.3d 966, 968 (8th Cir. 2000) (quoting *Barlow v. United States*, 32 U.S. (7 Pet.) 404, 411 (1833)) (reaffirming that a statute imposing penalties on those who "knowingly violate" 18 U.S.C. § 922(g) "does not require knowledge of the law nor an intent to violate it"). Although there is a "very limited exception to the general rule that ignorance of the law is no excuse," that exception applies only if the statute prohibits "activities that are not *per se* blameworthy" and the defendant's "lack of awareness of the prohibition was [not] objectively unreasonable." *Id.* Neither requirement is met here.

First, transportation of an underage person with intent that the victim engage in sexual activity is "*per se* blameworthy"—so much so that such conduct is traditionally punished as a strict-liability offense, as discussed above. *See id.* In

other words, not requiring proof of intent to violate the law does not risk the criminalization of "innocent" conduct.  *See Rehaif*, 139 S. Ct. at 2197.

Second, a defendant who transports a young person with the intent that the victim engage in sexual activity cannot reasonably claim a lack of awareness of criminal laws restricting sexual activity, such as the Minnesota offense underlying Moreira-Bravo's conviction.  *See, e.g.*, *Owens v. State*, 724 A.2d 43, 51 (Md. 1999) (explaining that sex "involves conscious activity which gives rise to circumstances that place a reasonable person on notice of potential illegality"); *Commonwealth v. Robinson*, 438 A.2d 964, 966 (Pa. 1981) ("[O]ne eighteen years of age or older who engages in sexual intercourse with a child below fourteen years of age does so at his own peril."); *State v. Haywood*, No. 78276, 2001 WL 664121 at *5 (Ohio Ct. App. 2001) (unpublished) ("American culture . . . is . . . rife with warnings against sexual conduct with children. . . . Any person contemplating sexual conduct with a child in this age range should be cautious—the existence of 'statutory rape' laws is hardly a secret."); *State v. Carlson*, 767 A.2d 421, 426-27 (N.H. 2001) ("[T]he defendant placed himself in risky circumstances, relying only on the victim's 'mature' behavior to substantiate her representation of her age.").  Thus, sexual activity, especially when it involves a young person, is comparable to other conduct that gives defendants notice of strict regulation.  *See, e.g.*, *Hutzell*, 217 F.3d at 969 (declining to require knowledge of unlawfulness where "[n]o one can reasonably claim . . . to be unaware of the current level of concern about domestic violence"); *United States v. Freed*, 401 U.S. 601, 609 (1971) (noting that "one would hardly be surprised to learn that possession of hand grenades is not an innocent act" where the law at issue was "a regulatory measure in the interest of the public safety"); *United States v. Int'l Mins. & Chem. Corp.*, 402 U.S. 558, 559, 561-62 (1971) (holding that a statute did not require knowledge of the regulated status of sulfuric acid); *United States v. Balint*, 258 U.S. 250, 254 (1922) (holding that the "person dealing in drugs" must "ascertain at his peril whether that which he sells comes within the inhibition of [a] statute" and is permissibly subject to criminal penalties despite his "ignorance" of a drug's illegality).

Section 2423(a) "does not signal an exception to the rule that ignorance of the law is no excuse." *See Int'l Mins.*, 402 U.S. at 562. Therefore, a § 2423(a) conviction predicated on intent to engage in unlawful sexual activity does not require proof of the defendant's intent or knowledge that such activity is unlawful. *See United States v. Goodwin*, 719 F.3d 857, 863 (8th Cir. 2013) (holding that evidence sufficiently supported a § 2423(a) conviction where the defendant intended that a seventeen-year-old engage in sexual activity in Texas—where the age of consent was seventeen—but where the victim was a minor under North Dakota law and a North Dakota jurisdictional statute enabled prosecution). The district court correctly held that the Government did not need to prove that Moreira-Bravo specifically intended R.M. to engage in sexual activity that was unlawful as such. It was required to prove only (1) that he intended R.M. to engage in sexual activity and (2) that the sexual activity was unlawful.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

GRASZ, Circuit Judge, dissenting.

It is fundamental that a statute is to be interpreted according to its plain language and, if necessary, by using rules of statutory construction. We do not typically depart from this course to find statutory meaning from tradition or by looking to common law to support counter-textual "special context." Yet the court today holds that when trying to convict a person of violating 18 U.S.C. § 2423(a) the government need not prove the defendant knew the person transported was under eighteen years old. Because I believe both the plain language of the statute and well-established rules of statutory construction demand otherwise, I respectfully dissent.

Subsection (a) relevantly states:

> A person who *knowingly* transports an individual who has not attained the age of 18 years in interstate . . . commerce, . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a) (emphasis added).

This language is not ambiguous. "In ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009). Or as Justice Scalia explained, "'[k]nowingly' is not limited to the statute's verb[]," and "once it is understood to modify the object of [the] verb[], there is no reason to believe it does not extend to the phrase which limits that object[.]" *Id.* at 657 (Scalia, J., concurring in part and concurring in the judgment). Applying the grammatical rule here, "knowingly" modifies both "transports" and "an individual who has not attained the age of 18 years[.]" 18 U.S.C. § 2423(a). Thus, in order to convict Moreira-Bravo, the government should have to prove he knew the person being transported was under eighteen. "Ordinary English usage supports this reading[.]" *Flores-Figueroa*, 556 U.S. at 657 (Scalia, J., concurring in part and concurring in the judgment). When the plain text is clear, our inquiry generally ends. *See id.*; *United States v. Boyster*, 436 F.3d 986, 990 (8th Cir. 2006).

The court, however, decides "context" requires an alternative interpretation of § 2423. *Ante*, at 6. I respectfully disagree. The Supreme Court in *Flores-Figueroa* did recognize "the inquiry into a sentence's meaning is a contextual one" and that a "special context" may in some circumstances overcome the plain meaning of the statute. 556 U.S. at 652. But the Court concluded "no special context" was present and, to the contrary, explained "[t]he manner in which the courts ordinarily interpret

-18-

criminal statutes is fully consistent with this ordinary English usage." *Id.*[3] "That is to say courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element." *Id.* This should be true of the age element in § 2423(a).

In this vein, the Supreme Court has "read into criminal statutes . . . that contain no *mens rea* provision whatsoever" the *mens rea* deemed necessary to divide wrongful conduct from what is otherwise innocent conduct. *Ruan v. United States*, 142 S. Ct. 2370, 2377 (2022). This "is consistent with a basic principle that underlies the criminal law, namely, the importance of showing what Blackstone called 'a vicious will.'" *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (quoting 4 W. Blackstone, Commentaries on the Laws of England 21 (1769)). "And when a statute is not silent as to *mens rea* but instead '*includes* a general scienter provision,' 'the presumption applies with equal or greater force' to the scope of that provision." *Ruan*, 142 S. Ct. at 2377 (quoting *Rehaif*, 139 S. Ct. at 2197).

The Supreme Court has applied the presumption of scienter even in situations when applying "knowingly" to an element was not "the most grammatical reading

---

[3]The court accurately notes that in *Flores-Figueroa*, Justice Alito pointed to § 2423(a) as an example where "context *may* well rebut [the] presumption," 556 U.S. at 660 (Alito, J., concurring in part and concurring in the judgment) (emphasis added), "that the specified *mens rea* applies to all the elements of an offense[.]" *Id.* Justice Alito noted, "[t]he Courts of Appeals have uniformly held that a defendant need not know the victim's age to be guilty under this statute." *Id.* But this passing observational dicta from a concurrence, to which no other Justice joined, certainly does not bind us. This is particularly true because since *Flores-Figueroa* the Supreme Court has, over Justice Alito's objection, twice applied the presumption of scienter to criminal statutes even when the text is not clear Congress intended such a result. *See Ruan v. United States*, 142 S. Ct. 2370, 2382–83 (2022) (Alito, J., concurring in the judgment) (expressing disagreement with the Court's application of the *mens rea* canon when interpreting 21 U.S.C. § 841(a)); *Rehaif v. United States*, 139 S. Ct. 2191, 2201, 2213 (2019) (Alito, J., dissenting) ("The majority's interpretation of [18 U.S.C.] § 922(g) is not required by the statutory text, and there is no reason to suppose that it represents what Congress intended.").

of the statute[.]" *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 70 (1994). The Court has recently held the presumption applied so as to interpret the *mens rea* listed in one statute to apply to a cross-referenced statute that did not have a *mens rea* in its text. *See Rehaif*, 139 S. Ct. at 2195–96. And just this year, the Supreme Court applied the presumption to an element that *preceded* the *mens rea* provided in the statute. *See Ruan*, 142 S. Ct. at 2381–82 (rejecting a grammar-based argument that since the clause in question preceded the *mens rea*, the *mens rea* could not modify the clause). These recent applications of the presumption of scienter to such less-than-obvious situations should make clear the propriety of its application here *in support* of the plain meaning of the text.

And in my view, § 2423(a) is not the kind of statute the Supreme Court has "held fall[s] outside the scope of ordinary scienter requirements." *Id.* at 2378. While it is true the presumption need not be applied "in cases involving statutory provisions that form part of a 'regulatory' or 'public welfare' program and carry only minor penalties," *Rehaif*, 139 S. Ct. at 2197, this statute does not fit that bill if for no other reason than the "harsh" penalties associated with it, *id.* (quoting *X-Citement Video*, 513 U.S. at 72). Even if § 2423(a) could be characterized as a "public welfare offense," the harsh penalty of imprisonment for "not less than 10 years or for *life*[,]" 18 U.S.C. § 2423(a) (emphasis added), disqualifies this crime from the "exception to the presumption in favor of scienter[.]" *Rehaif*, 139 S. Ct. at 2197; *accord United States v. Bruguier*, 735 F.3d 754, 761 (8th Cir. 2013) (en banc).

Another canon of construction supports interpreting § 2423 to mean the government must prove knowledge of the individual's age. "It is a 'familiar principle that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'" *Bruguier*, 735 F.3d at 761 (quoting *Skilling v. United States*, 561 U.S. 358, 410 (2010)). This means that even if § 2423(a) was ambiguous as to whether "knowingly" applies to the age of the individual being transported, we should resolve the question in Moreira-Bravo's favor. And such an interpretation is also consistent with another fundamental principle of law—notice. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012).

The court is not swayed by these interpretative canons and instead focuses on other contextual clues which it believes reveal Congress did not intend "knowingly" to apply to the age requirement. First, the court focuses on its belief that "Congress codified § 2423(a) in the context of longstanding, near-universal tradition of strict liability as to the victim's age in child sex crimes." *Ante*, at 6. Given this backdrop, the court is "convinced that Congress meant § 2423(a) to have a strict-liability age element as well." *Id.* at 8.

I find this unpersuasive for several reasons. Most fundamentally, I do not believe this is a reason to ignore the plain text of the statute. Context may be reason to decline to apply the presumption of scienter when that presumption contradicts the plain meaning of the statutory text, but it should not be license to disregard the statute's plain meaning. *See Flores-Figueroa*, 556 U.S. at 657 (Scalia, J., concurring in part and concurring in the judgment) (refusing to join the Court's reliance on other considerations when the plain meaning of the statute answered the question).

Even putting this objection aside, I find the historical context less clear than the court does as it relates to § 2423(a)'s age requirement. While a majority of states have apparently treated statutory rape as a strict liability crime, many states have either treated it as a "true crime"—requiring the government prove the defendant had the *mens rea*—or at least allowed a mistake-of-age defense when the victim is close to the age of consent. *See* Catherine L. Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 Am. Univ. L. Rev. 313, 317–18, 385–91 (2003). "Indeed, in an attempt to distinguish the egregious felonious sexual activity from the non-egregious, many statutory schemes comprise complex, multi-layered age differential scenarios of victim and perpetrator." *Id.* at 340. "Many states also recognize that sexual activity between high school age peers may be common and not necessarily meant for the chilling and punitive reach of the criminal law." *Id.* at 340–41. My point in all this is simply that the picture is more complicated than the majority suggests. And thus, I believe there is insufficient evidence of the historical context to override the plain text of the statute.

The court also claims a contextual clue from its belief that "[s]ection 2423(a) is not just a child sex crime, but one in which the defendant has an opportunity to observe the victim." *Ante*, at 8. Relying on cases reviewing child pornography statutes, the court posits Moreira-Bravo's opportunity to observe the victim justifies departure from the typical *mens rea* requirement because someone who personally observes the victim is less likely to mistakenly believe the victim is of age. *Id.* at 8–9. This broad reading of caselaw is unavailing in part because § 2423(a) does not include such observation of the victim as an element of the crime. While most defendants charged with "knowingly transport[ing]" an individual in violation of § 2423(a) may very well have personally observed the victim, nothing in the statute requires this to be true.

The court also reasons § 2423's statutory context suggests Congress meant to let a defendant bear the risk of the victim being underage. *Ante*, at 9–10. The court explains that because Congress provided a defendant charged with engaging in "illicit sexual conduct" under subsections (b)–(d) with an explicit mistake-of-age defense, but did not include such a defense to subsection (a), it suggests Congress found mistake of age irrelevant to the offense. *Id.* I disagree. The more likely explanation for the absence of a mistake-of-age defense in subsection (a) is that Congress did not believe the defense was necessary because, unlike the crimes specified in subsections (b)–(d), subsection (a) plainly requires the government prove a defendant's knowledge as part of its case in chief. *See* 18 U.S.C. § 2423.

In the end, none of the contextual clues utilized by the court convinces me that Congress meant something different than what the plain reading of the text dictates and interpretative canons reinforce—the government must prove Moreira-Bravo knew the individual transported was not yet eighteen years old. I therefore respectfully dissent.

———————————————————