# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2176
_____

United States of America

*Plaintiff - Appellee*

v.

Charles H. Lester, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: January 10, 2024
Filed: February 8, 2024
_____

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Charles H. Lester, Jr., was sentenced in 2006 to 188 months' imprisonment and 5 years of supervised release for conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. After Lester had served a portion of his term of supervised release, the United States Probation Office filed a "Report on Offender Under Supervision" with the district court, effectively recommending Lester's supervision be terminated early under 18 U.S.C.

§ 3583(e)(1) (permitting district courts, after considering certain factors in § 3553(a), to terminate a term of supervised release after a defendant has served at least one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice"). The district court denied the request, concluding that it did not have authority to terminate Lester's supervised release early because § 841(b)(1)(A)'s requirement that a district court impose a five-year term of supervised release "[n]otwithstanding Section 3583 of Title 18" prohibited the district court from terminating supervised release early under § 3583(e)(1). Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

I.

Lester began supervised release in June 2019. In April 2023, the Probation Office filed a report with the district court explaining that Lester had completed three years and nine months of his term of supervised release and had been designated as having a low risk of recidivism due to his compliance with the conditions of supervision. Further, the report stated that "[a]ccording to 21 U.S.C. § 841(b)(1)(A), a term of supervised release of at least five years is required, but for the mandatory term of supervised release, the probation officer would recommend early termination. The judge will make a determination based on his interpretation of 3583(e)(1) and 3564(c)." The report also explained that the U.S. Attorney's Office took no position on the matter.

The district court denied the motion, explaining in its order that when Congress amended 21 U.S.C. § 841(b)(1)(A) in 2002, it altered the district court's discretionary authority under 18 U.S.C. § 3583(e)(1) to terminate a term of supervised release early. The amendment inserted the phrase "[n]otwithstanding Section 3583 of Title 18" immediately before "any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment." The district court explained that this made "clear that the Court must impose and enforce a five-year period of supervised release and cannot amend it under section 3583(e)(1)."

Concluding, then, that "[t]here is no allowance for judicial discretion . . . even upon the recommendation of U.S. Probation," the district court found that it lacked authority to terminate Lester's supervised release early. Lester appeals.

II.

Both Lester and the Government argue on appeal that the district court's interpretation of 21 U.S.C. § 841(b)(1)(A) was incorrect. While we review a district court's denial of a motion for early termination of supervised release for an abuse of discretion, United States v. Norris, 62 F.4th 441, 449 (8th Cir. 2023), the issue here involves the proper interpretation of § 841(b)(1)(A). We review issues of statutory interpretation de novo. United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021). When interpreting a statute, "'[w]e begin with the statute's plain language,' giving 'words . . . the meaning that proper grammar and usage would assign them.'" United States v. Moreira-Bravo, 56 F.4th 568, 571 (8th Cir. 2022) (second alteration in original) (citations omitted). "[I]f the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Jungers, 702 F.3d 1066, 1069 (8th Cir. 2013) (alteration in original) (citation omitted).

Since its amendment in 2002, § 841(b)(1)(A) has stated, in relevant part, that "[n]otwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment." See 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, 116 Stat. 1805 ("Subparagraphs (A), (B), (C), and (D) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) are amended by striking 'Any sentence' and inserting 'Notwithstanding section 3583 of title 18, any sentence'.").

We disagree with the district court's conclusion that the amended language prevented it from exercising authority under 18 U.S.C. § 3583(e)(1) to terminate Lester's supervised release early. "'Notwithstanding' means 'in spite of.'" United States v. Godsey, 690 F.3d 906, 910 (8th Cir. 2012) (citation omitted). Under a plain

reading of § 841(b)(1)(A), then, in spite of § 3583[1], district courts must *impose* a five-year term of supervised release; section 841(b)(1) does not impact a district court's ability under § 3583(e)(1) to later terminate an individual's supervised release after the individual has served at least one year. See United States v. Spinelle, 41 F.3d 1056, 1060 (6th Cir. 1994) (explaining that the requirement in 21 U.S.C. § 841(b)(1) that a district court impose a particular term of supervised release "d[oes] not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warrant[] it"). Because the plain meaning of the statute is clear, our inquiry ends. Jungers, 702 F.3d at 1069. Thus, the district court retained discretion to consider whether Lester's supervised release could be terminated early under § 3583(e)(1).

### III.

Accordingly, we reverse the district court's order and remand for further proceedings consistent with this opinion.

———————————————

[1]Section 3583(b) provides generalized guidance for authorized lengths of terms of supervised release based on the class of felony committed. E.g., 18 U.S.C. § 3583(b) ("[T]he authorized terms of supervised release are-- (1) for a Class A or Class B felony, not more than five years; (2) for a Class C or Class D felony, not more than three years; and (3) for a Class E felony or for a misdemeanor . . . , not more than one year."). Accordingly, the guidance in § 3583 may, at times, conflict with the more specific guidance provided for terms of supervised release for drug crimes in § 841(b)(1). E.g., 21 U.S.C. § 841(b)(1)(A) ("Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, . . . if there was such a prior conviction, impose a term of supervised release of at least 10 years.").